UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CANOE CREEK
NEIGHBORHOOD ASSN. INC,
*etc.*
v.                                    CASE NO. 8:24-cv-1754-JLB-TGW

JAMES NATHANIEL DOUSE, SR.,
Pro se
_____/

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the Plaintiff's Motion to Remand this lawsuit to Manatee County Court (Doc. 13). The plaintiff argues that the defendant's removal of this case is defective. The defendant opposes the motion (Doc. 18). Because the court lacks subject matter jurisdiction over this action, I recommend that the Motion to Remand be granted.

I.

In August 2021, the plaintiff, Canoe Creek Neighborhood Homeowners Association, Inc. (Canoe Creek), filed in the County Court in Manatee County, Florida, a complaint against defendant, James Nathaniel Douse, Sr. (Douse). Douse is a homeowner in Canoe Creek, and the plaintiff alleges that the defendant violated the Plaintiff's Declaration of Covenants,

Conditions, and Restrictions for Canoe Creek ("Declarations") (Case No. 2021-CC-6182) (the state court case). The plaintiff sought injunctive relief under Florida law (see Doc. 1-1)

On July 25, 2024, approximately two years after the plaintiff filed the state court lawsuit, the defendant, proceeding pro se, removed the action to this court (Doc. 1).[1]

On December 12, 2024, the plaintiff filed this Motion for Remand, alleging that the defendant's removal of this case is defective (Doc. 13). Specifically, the plaintiff argues that subject matter jurisdiction is absent and the defendant's Notice of Removal does not comply with procedural requirements (id.). The defendant responds that subject matter jurisdiction is present, contending that the plaintiff discriminated against him in violation of the Fair Housing Act, 42 U.S.C. §3605. Specifically, the defendant argues that, due to his race, the plaintiff did not give him a copy of the Declarations. He also alleges that he did not assent to abide by the Declarations. The motion was referred to me.

---

[1] The defendant previously filed in the state court case a Motion for Removal that was rejected. The state court case proceeded to trial and judgment was entered in the plaintiff's favor (see Doc. 13, pp. 2-3). The defendant's state court appeal is ongoing.

2

II.

A defendant may remove from state to federal court any civil action over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a).

> .... [W]hen determining whether [the court] has original jurisdiction over a civil action, [it] should evaluate whether that action could have been brought originally in federal court. This requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction.

Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 441–42 (2019) (citations omitted). As pertinent here,

> [t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citation omitted). Thus, a counterclaim or defense based on federal law does not confer federal question jurisdiction. See Home Depot U. S. A., Inc. v. Jackson, supra, 587 U.S. at 442; Caterpillar Inc. v. Williams, supra, 482 U.S. at 393.

3

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

### III.

The plaintiff bases its Motion to Remand upon the absence of subject matter jurisdiction and procedural defects in the Notice of Removal (Doc. 13).

A.  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. However, the plaintiff's complaint relies exclusively on state law for injunctive relief (see Doc. 1-1). Thus, there is no federal law claim asserted in the plaintiff's complaint (id.).

The defendant alleges that there is federal question jurisdiction based on his contention that the plaintiff violated the Fair Housing Act (FHA) (Docs. 1, 2, 18). This argument fails because, as indicated, the complaint does not include a federal claim and a federal question must appear on "the face of the complaint." Caterpillar Inc. v. Williams, supra, 482 U.S. at 392.

Furthermore, even if the defendant intended to file a counterclaim against the defendant alleging an FHA violation, it would not establish federal question jurisdiction because "a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." Home Depot U. S. A., Inc. v. Jackson, supra, 587 U.S. at 442. Additionally, "a case may not be removed to federal court on the basis of a federal defense … even if the defense is anticipated in the plaintiff's complaint." Caterpillar Inc. v. Williams, supra, 482 U.S. at 393.

In sum, the plaintiff's complaint does not arise "under the Constitution, laws, or treaties of the United States" and, therefore, there is not subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

B. Additionally, removal of the state court action is not authorized under diversity jurisdiction. A federal court has diversity jurisdiction over civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332(a).

The defendant does not allege diversity jurisdiction. However, in an abundance of caution, I note that diversity jurisdiction is not applicable because the plaintiff alleges that the value of the injunctive relief does not exceed $30,000, and both parties are citizens of Florida (see Doc. 1-1).

C. Finally, the plaintiff contends that this case must be remanded because the defendant did not satisfy the procedural requirements for a Notice of Removal. For example, the plaintiff asserts that the Notice of Removal was untimely because it was not filed within 30 days of service of the complaint, and that the Notice of Removal does not "contain a short plain statement of the grounds for removal," in violation of 28 U.S.C. 1446 (a), (b)(1).

The plaintiff is correct that the Notice of Removal is procedurally deficient. However, the plaintiff waived the right to seek remand of this action based on procedural defects because the plaintiff's Motion to Remand is untimely. See 28 U.S.C. 1447(c).[2] Specifically, §1447(c) pertinently states (emphasis added):

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made <u>within 30 days after the filing of the notice of removal under section 1446(a)</u>. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Thus, a "court act[s] outside of its statutory authority by remanding for a procedural defect after thirty days of the notice of removal." In re Bethesda

---

[2] An untimely Notice of Removal "is a procedural, instead of a jurisdictional, defect." In re the Uniroyal Goodrich Tire Co., 104 F.3d 322, 324 (11th Cir.1997).

6

Mem'l Hosp., Inc., 123 F.3d 1407, 1411 (11th Cir. 1997).[3]

Here, the plaintiff filed its Motion to Remand months after the defendant filed its Notice of Removal in this court (see Docs. 1, 13). Therefore, the Motion to Remand based on procedural grounds is untimely. See 28 U.S.C. 1447(c); In re Bethesda Mem'l Hosp., Inc., supra, 123 F.3d at 1410-11.

On the other hand, the plaintiff's challenge to the court's subject matter jurisdiction, which is meritorious, is timely because "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV.

For the foregoing reasons, I recommend that the Plaintiff's Motion to Remand (Doc. 13) be granted based on a lack of subject matter jurisdiction, and that this action remanded to the County Court in and for Manatee County, Florida.

Respectfully submitted,

*[signature]*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3] The Eleventh Circuit elaborated that the congressional intent of § 1447(c) was to prevent "the shuffling [of] cases between state and federal courts after the first thirty days." In re Bethesda Mem'l Hosp., Inc., supra, 123 F.3d at 1410 (citation omitted).

DATED: FEBRUARY 7, 2025.

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.