UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CANOE CREEK
NEIGHBORHOOD ASSN. INC.,
etc.
v.                                                    CASE NO. 8:24-cv-1754-JLB-TGW

JAMES NATHANIEL DOUSE, SR.,
Pro se
_____/

### REPORT AND RECOMMENDATION

This cause came on for consideration upon the Plaintiff's Motion for Award of Attorneys' Fees & Costs (Doc. 29). The plaintiff incurred attorneys' fees of $4,920.50 in defending itself against the defendant's baseless removal of this case from County Court in Manatee County, Florida. The defendant did not file an opposition to the motion.

The plaintiff establishes that it is entitled to an award of attorneys' fees under 28 U.S.C. 1447(c). Furthermore, the requested attorneys' fees are reasonable. I therefore recommend that the motion be granted, and that the defendant be ordered to pay the plaintiff attorneys' fees of $4,920.50.

I.

Defendant James Nathaniel Douse, Sr. (Douse) is a homeowner

in Canoe Creek, a community in Parrish, Florida. The plaintiff is the Canoe Creek Neighborhood Homeowners Association, Inc. (Canoe Creek), which is a deed-restricted community. Homeowners must abide by the Declaration of Covenants, Conditions, and Restrictions for Canoe Creek ("Canoe Creek Declarations") and Canoe Creek enforces the Declarations.

In August 2021, the plaintiff filed in the County Court in Manatee County, Florida, a complaint and motion for injunctive relief against Douse, alleging that Douse violated Canoe Creek's Declarations and Fla. Stat. §720.305 (Case No. 2021-CC-6182) (the state court case) (see Doc. 1-1). Douse proceeded pro se. On July 18, 2024, after significant motion practice, the trial was set for September 2024 (see Doc. 1-2). On July 25, 2024, one week after the state court scheduled the trial,[1] and almost three years after the initiation of the state court case, Douse removed the lawsuit to this court (Doc. 1). The defendant alleged that the district court had federal question jurisdiction based on the defendant's contention that the plaintiff violated the federal Fair Housing Act (Doc. 2, p. 5; see also Doc. 1, p. 2).

---

[1] The state court case proceeded to trial as scheduled, and final judgment was entered in Plaintiff's favor on September 24, 2024 (see Doc. 13, p. 2). The defendant appealed the judgment (id.).

2

U.S. District Judge John L. Badalamenti referred the case to me for a preliminary pre-trial conference (Doc. 5). However, at the hearing it was clear that this court lacked subject matter jurisdiction over the case. Thereafter, the plaintiff filed its Motion to Remand to State Court (Doc. 13).

The plaintiff argued, meritoriously, that the district court lacked subject matter jurisdiction over the lawsuit, and that the removal was grossly untimely. I issued a Report and Recommendation that the Motion to Remand be granted on the ground that the district court did not have subject matter jurisdiction (Doc. 25). The defendant did not file an opposition to the Report and Recommendation (see Doc. 26). Judge Badalamenti, after independently reviewing the record, adopted the Recommendation (id.). Thus, the Motion to Remand was granted, and the court dismissed this case (id.). Judgment was entered accordingly against the defendant (Doc. 27).

The plaintiff filed a Motion for Award of Attorneys' Fees & Costs (Doc. 29). It argues that it is entitled to attorneys' fees under 28 U.S.C. §1447(c) because the defendant baselessly removed this case. Additionally, it argues that it is a prevailing party which is entitled to attorneys' fees under Fla. Stat. §720.305(1) and the Canoe Creek Declarations.

II.

A. The removal of an action to federal court is governed by 28

U.S.C. § 1441, which "grant[s] a right to a federal forum to a limited class of state-court defendants" in civil cases. Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). If it is determined that the federal court lacks subject matter jurisdiction, the case must be remanded, and "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The plaintiff argues that it is entitled to attorneys' fees under this statutory provision.

There is not a presumption for, or against, an award of attorneys' fees under §1447(c). See Martin v. Franklin Capital Corp., supra, 546 U.S. at 139. Rather, the propriety of an award is based upon the reasonableness of the removal. Id. at 141. Specifically, "[a]bsent unusual circumstances, courts may award attorney's fees ... where the removing party lacked an objectively reasonable basis for seeking removal." Id.

Additionally, although pro se defendants "deserve some leniency for good faith removals," the "removal must still be grounded in some objectively reasonable basis when it occurs." Gonzalez v. J.C. Penney Corp., 209 Fed. Appx. 867, 870 (11th Cir. 2006).[2]

---

[2] The Eleventh Circuit elaborated that leniency is warranted because the pro se litigant "is required to make the decision to remove soon after receiving the complaint." Gonzalez v. J.C. Penney Corp., supra, 209 Fed. Appx. at 870. That rationale does not apply here

4

The objectively reasonable standard does not require the plaintiff to show that the defendant's position was frivolous or without foundation. Taylar Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 Fed. Appx. 880, 890 (11th Cir. 2011). On the other hand, "[r]emoval is not objectively unreasonable simply because the removing party's arguments lack merit and the removal is ultimately unsuccessful." Meyer v. Health Mgmt. Assocs., Inc., 841 F. Supp. 2d 1262, 1273 (S.D. Fla. 2012).

The Supreme Court elaborated on the purpose of the attorney's fee provision in Martin v. Franklin Capital Corp., supra, 546 U.S. at 140:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

B. The imposition of attorneys' fees under §1447(c) is warranted in this case because the defendant's removal clearly lacked an

---

and, as discussed infra, this is not a good faith removal.

5

objectively reasonable basis.

The defendant removed this case from state court based solely on federal question subject matter jurisdiction (see Doc. 2, p. 5). See 28 U.S.C. § 1331. However, a case does not arise under federal law unless "a federal question is presented on the face of the plaintiff's properly pleaded complaint." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (citation omitted); see also Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997).

As the plaintiff points out, the state court complaint does not raise a federal question or seek relief under federal law. The defendant does not argue otherwise.

Rather, the defendant contends that the state court action was properly removed based upon his allegation that the plaintiff violated the federal Fair Housing Act (see Doc. 2, p. 5). This contention fails because "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., supra, 535 U.S. at 831; see also Wells Fargo Bank, N.A. v. Armstrong, No. 8:16-cv-3063-MSS-AEP, 2016 WL 11491313 at *2 (M.D. Fla. Dec. 20, 2016) (emphasis in original) ("defendants may remove only on the basis of claims

brought <u>against</u> them and not on the basis of counterclaims, cross-claims, or defenses asserted <u>by</u> them.").[3] Thus, the plaintiff's alleged federal counterclaim was not a cognizable basis for invoking federal question jurisdiction.

Furthermore, because this unequivocal controlling legal authority was the law at the time of the removal, the defendant clearly lacked an objectively reasonable basis for removing the case. <u>See</u> <u>Martin</u> v. <u>Franklin Capital Corp.</u>, <u>supra</u>, 546 U.S. at 141; <u>Holmes Grp., Inc.</u> v. <u>Vornado Air Circulation Sys., Inc.</u>, <u>supra</u>, 535 U.S. at 831.

Underscoring that the removal was objectively unreasonable, if not frivolous, is that the defendant removed this case almost three years after the filing of the state court lawsuit, and just days after a trial date was set. <u>See</u> 28 U.S.C. § 1446(b)(1) (A notice of removal "shall be filed within 30 days after the receipt by the defendant...of a copy of the initial pleading....").

Removal under these circumstances indicates that the defendant was seeking to delay the state court proceedings and avoid adverse rulings in the state court case. <u>See</u> <u>Fettner</u> v. <u>Reed</u>, No. 16-cv-81118, 2016 WL 4035006 at *4 (S.D. Fla. July 28, 2016) (Removal almost six months after

---

[3] Although the defendant did not present this allegation as a counterclaim, viewing his notice of removal liberally, it is considered a counterclaim for purposes of this motion.

7

being served with the complaint was not only patently improper but also disingenuous and warrants an award of fees.). Therefore, an attorneys' fee award in this case will promote the statute's purpose of "reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." Martin v. Franklin Capital Corp., supra, 546 U.S. at 140. In sum, I recommend that the plaintiff be awarded attorneys' fees under §1447(c).

### III.

The plaintiff also seeks attorneys' fees under Fla. Stat. § 720.305, and the Canoe Creek Declarations, arguing that it is the prevailing party in this case (Doc. 29, pp. 6-8).

Under Fla. Stat. §720.305(1), the "prevailing party" in litigation to enforce compliance with the governing documents of a community is entitled to recover reasonable attorneys' fees incurred in the litigation. Similarly, the Canoe Creek Declarations include an award of attorneys' fees for the "prevailing party" in an action brought to enforce or construe its provisions.

Under Florida law, a "prevailing party" is one who succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Moritz v. Hoyt Enter., Inc., 604 So.2d 807,

809-10 (Fla. 1992). The plaintiff's successful Motion to Remand based on a lack of subject matter jurisdiction does not establish that it is a "prevailing party" under §720.305(1) or the Canoe Creek Declarations.

"A dismissal for lack of subject matter jurisdiction is not a judgment on the merits," Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008), as it "does not generally result in a material alteration of the legal relationship of the parties." Nagar v. Rosenberg, No. 0:23-cv-60531, 2024 WL 3362341 at *1 (S.D. Fla. June 25, 2024); see also Interim Healthcare Inc. v. Suncoast Loving Care, LLC, No. 18-60766, 2018 WL 6620314 at *3 (S.D. Fla. Nov. 28, 2018) ("Although Defendants prevailed in having the [plaintiff's] breach of contract claims dismissed in the federal court, they have not prevailed in the overall litigation….").

The plaintiff argues that it is the prevailing party because the court dismissed this action "with prejudice" (Doc. 29, p. 8). Although the court dismissed this action "with prejudice," that Order applied to the federal, not state, court case. As the plaintiff acknowledges, the prevailing party fee provisions apply to the claims in the underlying state court action (id., p. 7), and the Remand Order did not affect the merits of those claims. Therefore, the plaintiff is not the "prevailing party" under Fla. Stat. §

9

720.305, or the Canoe Creek Declarations, in this removal action. See Moritz v. Hoyt Enter., Inc., supra, 604 So.2d at 809-10.

IV.

Section 1447(c) of Title 28 permits "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." It is implicit that the attorneys' fee award must be reasonable. The plaintiff's requested attorneys' fees are reasonable.

A reasonable fee is based on the "lodestar figure," which is calculated by multiplying "the number of hours reasonably expended on the litigation by a reasonable hourly rate" for the services of the prevailing party's attorney. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The fee opponent then has the burden of pointing out with specificity which hours should be deducted. Id. at 428.

Significantly, "[t]he court ... is itself an expert ... and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Housing Authority of the City

10

of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citation omitted); see also Dial HD, Inc. v. ClearOne Communications, 536 Fed. Appx. 927, 930 (11th Cir. 2013).

The plaintiff requests attorneys' fees of $4,920.50 (Doc. 29, p. 2).[4] The plaintiff was represented in this action by attorneys Jesse M. Tilden and Michael Prohidney from the law firm of Tilden & Prohidney, P.L. Counsel have substantial legal experience, as each has practiced law for more than 20 years, including community association law. They request an hourly rate of $295.00 (id.). The plaintiff requests an hourly rate of $126.00 for the paralegal/law clerk (id.).

In my experience, the attorney hourly rate is imminently reasonable based on counsel's experience and efficiency in handling this matter. See Norman v. Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 ("[t]he court ... is itself an expert ... and may consider its own knowledge and experience concerning reasonable and proper fees.").

The paralegal/law clerk hourly rate is also within acceptable local standards and is substantially lower than the hourly rate requested in many other cases. Notably, the paralegal/law clerk performed the majority

---

[4] The plaintiff, in anticipation of incurring fees for attending a hearing on this motion, requested an additional $295.00 in attorneys' fees (Doc. 29, p. 3). Since there was no hearing, the request is moot.

11

of work in this case, thereby keeping the overall attorneys' fees lower. Therefore, I recommend that the court also accept the requested paralegal/law clerk hourly rate.

The second part of the lodestar equation is the determination of the number of hours reasonably expended on this matter. Tilden and Prohidney spent a combined total of 10.7 hours on this case (Doc, 29, p. 2). The paralegal/law clerk worked 14 hours on this matter (id.).

The requested number of hours encompass the litigation in its entirety, including drafting a motion to dismiss; preparing for, and attending a preliminary pre-trial conference which detailed why the removal was improper; drafting the successful motion to remand this case; and drafting this motion for attorneys' fees. Thus, it is evident, based on the docket alone, that the time spent on this matter is reasonable. Furthermore, as indicated, the paralegal/law clerk's involvement minimized fees because the hourly rate was less than one-half of the attorneys' rate.

Importantly, moreover, the defendant did not file an objection to the amount of the requested attorney's fees. In this circumstance, the court may treat the motion as unopposed. See Cent. Fla. Sterilization, LLC v. Synergy Health AST, LLC, No. 6:15-cv-2120-Orl-31TBS, 2017 WL 4465744 at *2 (M.D. Fla. Sept. 20, 2017) (When a party fails to respond to

an attorney's fee motion, that is an indication that the motion is unopposed and the court may grant the relief requested on this basis.); Local Rule 3.01(b) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). Therefore, I recommend that the court find reasonable the requested attorneys' fees of $4,920.50.

V.

For the foregoing reasons, I recommend that the Plaintiff's Motion for Award of Attorneys' Fees & Costs (Doc. 29) be granted to the extent that the plaintiff be awarded $4,920.50 in attorneys' fees against the defendant.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: July 3, 2025.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.